Submitted February 6, affirmed September 23, 2009

Julie Anne STUART,
*Petitioner-Respondent,*

*v.*

Randy Leon MORRIS,
*Respondent-Appellant.*

Marion County Circuit Court
01C20463; A138705

217 P3d 1080

Randy Leon Morris filed the brief *pro se*.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Morris, the respondent below, appeals an order denying his motion to terminate a stalking protective order (SPO).[1] We affirm.

The relevant facts are not in dispute. In December 2001, based on events that are not relevant to this appeal, the trial court entered an SPO of an unlimited duration prohibiting respondent from contacting petitioner, respondent's former girlfriend. Since its issuance, respondent began serving a prison sentence and is presently incarcerated. Respondent has never violated the SPO.

In June 2007, respondent moved to terminate the SPO, asserting that the bases for issuing it were no longer present. In particular, he argued that petitioner no longer had a "reasonable apprehension" of respondent, given his incarceration and the fact that he had never violated the SPO. Both parties appeared by telephone for a hearing on the motion. Petitioner testified that, despite the fact that respondent is incarcerated, she remained afraid of him. Petitioner explained that certain friends of respondent have threatened her since respondent was incarcerated. The court found that testimony to be "credible and genuine" and concluded that petitioner continued to suffer a "reasonable apprehension" due to the past acts of respondent. Accordingly, the court denied respondent's motion to terminate the SPO. Respondent did not appeal that order.

In April 2008, respondent again moved to terminate the SPO, asserting, as he did before, that the reasons for the court issuing the order in the first place no longer exist. Respondent questioned the truth of petitioner's testimony at the hearing on the prior motion, but he did not assert that the circumstances had changed or offer new evidence or argument.

The court denied respondent's second motion to terminate "for the reason of issue preclusion." In its order, the court stated that it "previously denied an earlier Motion To

---

[1] We refer to the parties by their designation in the trial court.

Terminate Stalking Protective Order * * * after hearing testimony at trial from the parties." That order is the subject of this appeal.

■ On appeal, respondent contends that the trial court erred in relying on issue preclusion as the basis for denying his motion and that the facts as set out in his motion demonstrate that petitioner no longer has a reasonable basis to fear any harm from him.

■ ORS 163.738(2)(a)(B) provides that a court may enter an SPO if the court finds by a preponderance of the evidence that:

"(i) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(ii) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(iii) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

Once an SPO has been entered, it may later be terminated if, on a respondent's motion, the court finds that the criteria for issuing the order under ORS 163.738(2)(a)(B) are no longer present. *Edwards v. Biehler*, 203 Or App 271, 277, 124 P3d 1256 (2005).

■ In determining whether to terminate the SPO, "[t]he court's inquiry will focus primarily on whether [the] petitioner continues to suffer 'reasonable apprehension' due to the past acts of the respondent under ORS 163.738(2)(a)(B)(iii)." *Id.* (noting that the elements in ORS 163.738(2)(a)(B)(i) and (ii) will be absent if the respondent has complied with the order prior to seeking termination, *id.* at 277 n 5). As the party seeking to terminate the SPO, the respondent "has the burden of demonstrating that the concerns that underlay the issuance of the original SPO have sufficiently abated that the order should be set

aside." *Benaman v. Andrews*, 213 Or App 467, 476, 162 P3d 280 (2007).

In this case, the trial court denied respondent's first motion to terminate the SPO because it concluded that respondent failed to meet his burden of persuasion—that is, respondent failed to demonstrate that petitioner no longer suffered a reasonable apprehension due to his prior acts. Defendant did not appeal that ruling. Five months later, he filed a new motion to terminate, but without asserting any new basis for his assertion that petitioner does not continue to suffer a reasonable apprehension. The trial court rejected the new motion based on "issue preclusion." Whether respondent is correct that issue preclusion was not the appropriate label for the court to employ in explaining its decision, the bottom line of the court's decision is unassailable: The court determined that respondent failed to meet his burden of persuasion on his first motion to terminate, and that unappealed decision was controlling in the absence of any new, different evidence to support his assertion that petitioner no longer suffers a reasonable apprehension as a result of his conduct.

Respondent insists that he did offer new evidence, namely, the passage of five months' time without incident. We are not prepared to say, however, that the mere passage of several months—during which time respondent remained in prison—suffices to meet his burden of persuasion.

We conclude that the trial court did not err in denying respondent's second motion to terminate the SPO.

Affirmed.